UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BECAYE KANTE,

       Plaintiff,                      CASE NO. 07-CV-13615

-vs-                                    PAUL D. BORMAN
                                         UNITED STATES DISTRICT JUDGE
DETROIT NEWSPAPER
AGENCY,

       Defendant.
_____/

## OPINION AND ORDER DISMISSING PLAINTIFF'S CASE

On July 9, 2008, this Court held a show cause hearing on why *pro se* Plaintiff Becaye Kante's ("Plaintiff") case should not be dismissed for refusing to participate in discovery in the instant case. Having considered the entire record, and for the reasons that follow, the Court DISMISSES Plaintiff's case.

This case arises from Plaintiff's allegations that Defendant Detroit Media Partnership (incorrectly listed as "Detroit Newspaper Agency") ("Defendant") discriminated against him on the basis of national origin in violation of Title VII.

On November 14, 2007, the Court entered a scheduling order, setting deadlines for the close of discovery and dispositive motions for March 14, 2008, and April 14, 2008, respectively.

On January 6, 2008, Defendant sent to Plaintiff its First Set of Interrogatories and First Set of Requests for Production of Documents. (Def. Br. Ex. 12, Interrogatories; Def. Br. Ex. 13, Requests for Production of Documents). Plaintiff never responded to either set.

On January 7, 2008, Defendant sent a notice for the taking of Plaintiff's deposition for

1

February 13, 2008. (Def. Br. Ex. 14, Notice of Deposition). On February 12, 2008, Defendant re-noticed the deposition for February 20, 2008. (*Id.*). Plaintiff did not respond, or otherwise comply with Defendant's second notice. On February 6, 2008, Defendant sent its First Set of Requests for Admission. (Def. Br. Ex. 15, Requests for Admission). Plaintiff similarly did not respond.

On March 21, 2008, Defendant filed a motion for summary judgment. In its briefing, Defendant contends that the Court should dismiss the instant case for the Plaintiff's failure to participate in discovery, pursuant to the relevant provisions of Fed. R. Civ. P. 37. Plaintiff did not respond to Defendant's contention.

On May 21, 2008, Plaintiff filed a cross motion for summary judgment.

On May 29, 2008, this Court issued an order to show cause why Plaintiff's case should not be dismissed for his failure to participate in discovery.

The Court held a show cause hearing on July 9, 2008. At the hearing, the Court asked Plaintiff why he failed to respond to any of Defendant's discovery requests. Plaintiff responded that he failed to respond because he did not have any legal training and that he attempted to contact a number of attorneys who indicated that they would take his case for a retainer fee. (Tr. 4). Plaintiff indicated that he received free legal advice from an attorney whom he met at "Law Day," and indicated that "right now I think that I can handle the case myself." (Tr. 6).

Significantly, Plaintiff stated that in May and June of 2008 he had successfully prosecuted a small claims action, without the aid of an attorney, in state court against his ex-girlfriend. (Tr. 9-10). Plaintiff indicated that his ex-girlfriend did not file an answer to his complaint, and he returned to the state court to obtain a default judgment. (Tr. 10). Plaintiff

admitted that he followed the rules of the state court proceeding. (*Id.*). In regards to the state case, the following colloquy occurred at this Court's hearing on July 9, 2008:

> The Court: So you filed the claim[?]
> Plaintiff: Yes.
> The Court: You followed the rules[?]
> Plaintiff: Yes.
> The Court: And you ended up, when she didn't respond, you went in a got a default judgment[?]
> Plaintiff: Yes, uhh, based on what I was advised by, you know, the court clerk.
> The Court. Right.
> Plaintiff: So I asked questions what should I do to get this lawsuit processed[.] So there, some of 'em were very nice to explain to me what steps should I take.
> The Court: And you handled that all yourself[?]
> Plaintiff: Right.
> The Court: Okay. So you know how to follow court rules and you knew what to do, and you won the lawsuit, right?
> Plaintiff: Yes.

(Tr. 10-11).

At this Court's hearing, Defendant stated that: (1) its discovery notices were sent timely, and Plaintiff never responded; (2) Plaintiff failed to show up for his scheduled deposition; and (3) his failure to respond to requests for admissions automatically and conclusively establish those facts. (Tr. 7-9).

The United States Court of Appeals for the Sixth Circuit has recognized that although *pro se* litigants are held to less stringent standards in their drafting of pleadings (which presumably require some degree of legal training), a dismissal for lack of prosecution under Fed. R. Civ. P. 41(b) is appropriate for "failure to adhere to readily comprehended court deadlines of which he was aware." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The Supreme Court "has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113

3

(1993) (footnote omitted); *In re G.A.D., Inc.*, 340 F.3d 331, 335 (6th Cir. 2003) (holding that the plaintiff's *pro se* status did not excuse her from filing a timely notice of appeal or Rule 60(b) motion).

In the instant case, although acknowledging that he received them, Plaintiff failed to respond to three separate discovery requests sent on three different dates – interrogatories, a deposition, and requests for admissions. In fact, Plaintiff: (1) never contacted Defendant's counsel about the requests or to reschedule his deposition; (2) never explained his delay in responding; or (3) never filed objections or motions to set aside.

Further, at the instant hearing Plaintiff offered no sufficient explanation for his failure to participate in Court-ordered discovery process. Significantly, after receiving Defendant's discovery requests, which Plaintiff ignored, he demonstrated sufficient legal knowledge to file his own summary judgment motion.

Thus, the Court is dealing with a *pro se* Plaintiff who filed his own summary judgment motion in the instant case and filed and processed to judgment a successful state-filed civil lawsuit. These legal activities in state court and federal court eviscerate any "lack of legal knowledge" excuse for Plaintiff's continuous failures to respond in the instant case.

For these many reasons, this Court determines that Plaintiff's conduct warrants dismissal under Rule 41(b) for failure to comply with the Federal Rules of Civil Procedure.

As an additional basis, the Court further concludes that Rules 36 supports the dismissal of Plaintiff's case. As discussed above, Plaintiff failed to respond to Defendant's three discovery requests: (1) interrogatories; (2) request for deposition; and (3) requests to admit.

Rule 33 governs the use of interrogatories. Under the rule, a party must serve its answers

and/or objections to each interrogatory within thirty (30) days of service, unless a court orders otherwise. Fed. R. Civ. P. 33(b). Rule 37(d)(1)(A)(ii) and (3) state that among the possible sanctions for failure to respond is the dismissal of the action. Additionally, Rule 37(d)(1)(A)(i) and (3) include similar types of sanctions for failure of a party to attend a properly-noticed deposition.

Rule 36 governs requests for admissions, and states in relevant part:

(a)

    (1)    A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

        (A)    facts, the application of law to fact, or opinions about either; and

        (B)    the genuineness of any described documents.

. . . .

    (3)    A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

    (4)    If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

(5) The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

(6) The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

(b) A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Defendant sent the following requests for admissions:

(1) Plaintiff received a right to an EEOC right to sue letter
(2) Plaintiff was not qualified for the positions at Defendant to which he applied in 2000 and in 2004, nor was as qualified as the individual who ultimately got the job.
(3) Plaintiff had legitimate, non-discriminatory reasons for selecting an individual other than Plaintiff for the positions in 2000 and 2004.
(4) Plaintiff failed to report to work or contact his supervisor on December 7, 2006.
(5) Defendant did not treat Plaintiff differently from similarly-situated part-time loaders when he was terminated on December 11, 2006, and furthermore had legitimate, non-discriminatory reasons for its decision.
(6) Plaintiff's national origin was not a factor in any employment decision made by Defendant.
(7) Plaintiff was not subject to harassment based upon his national origin.
(8) Defendant took prompt action in response to all of Plaintiff's internal complaints.

(Def. Br. Ex. 15).

Since Plaintiff never responded to, objected to, or moved to set aside the " the requests to admit, these above-listed "default admissions" are deemed admitted. *See, e.g., Lovejoy v. Owens*,

86 F.3d 1156, 1996 WL 287261, *3 (6th Cir. May 28, 1996) (unpublished table opinion); *Tracy v. Heffron*, 822 F.3d 60, 1987 WL37916, *1 (6th Cir. July 6, 1987) (unpublished table opinion). Here, the admissions conclusively determine that Plaintiff's claims of national origin discrimination under Title VII lack merit.

    For the foregoing reasons, the Court **DISMISSES** Plaintiff's case.

**SO ORDERED.**


                                        s/Paul D. Borman  
                                        PAUL D. BORMAN  
                                        UNITED STATES DISTRICT JUDGE

Dated: July 29, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 29, 2008.

                                        s/Denise Goodine  
                                        Case Manager